# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GABRIEL GRIFFIN,

        Plaintiff,

v.

JEFFERY ZIENTEK and SCOTT MARLOW,

        Defendants.

Case No. 16-CV-1416-JPS

**ORDER**

    The plaintiff, who is incarcerated at Dodge County Detention Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The plaintiff has been assessed and paid an initial partial filing fee of $20.00. 28 U.S.C. § 1915(b)(1).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Defendant Jeffery Zientek ("Zientek") is a police officer with the West Allis Police Department. (Docket #1 at 2). Defendant Scott J. Marlow ("Marlow") is an agent with the Drug Enforcement Administration in Milwaukee. *Id.* On November 17, 2015, law enforcement executed a search warrant on a residence, and the plaintiff was arrested there. *Id.* He was informed he that he was being charged with a state and a federal crimes. *Id.* at 2–3. He was then taken to the West Allis jail. *Id.* The plaintiff claims that both defendants attempted to question him, but he invoked his right to silence. *Id.* The plaintiff was held in custody from November 17 to December

18, 2015. *Id.* at 3. He alleges that during this month-long period, he was never brought before a judicial officer for a probable cause determination. *Id.* at 3. He further claims that the delay was devised by law enforcement to give them time to gather additional evidence against him. *Id.* The plaintiff alleges that he was either told, or knows for a fact, that the purported state charge was for a state parole violation. *Id.* at 34. The federal charges were related to drug and gun possession. *See id.* at 3. The plaintiff complains that his period of detention prior to a probable cause determination exceeded the time permitted by the Fourth and Fourteenth Amendments. *Id.* at 4.

The Court has been unable to locate any state court records relating to an alleged violation of the terms of the plaintiff's parole. The exhibits submitted with his complaint reveal that the defendants, after learning that the plaintiff was on parole, contacted the state probation and parole commission, which entered a detainer order against him. In reviewing the docket for the plaintiff's federal criminal case, the Court has determined that an indictment was returned on December 8, 2015, charging the plaintiff with being a felon in possession of a firearm and cocaine distribution. *U.S. v. Gabriel Griffin*, 15-CR-238-2 (Docket #9). An arrest warrant was issued the next day. On December 11, 2015, Magistrate Judge Nancy Joseph issued a writ of habeas corpus *ad prosequendum* for the plaintiff, who was being held at the Milwaukee Secure Detention Facility, to secure his appearance for his arraignment. *Id.* at (Docket #13). The plaintiff was arraigned on December 18, 2015. *Id.* at (Docket #25). The matter remains pending before Magistrate Joseph and Judge Lynn Adelman.

Page 4 of 8

Case 2:16-cv-01416-JPS   Filed 12/01/16   Page 4 of 8   Document 10

The plaintiff's two claims, one for violation of the Fourth Amendment and one for violation of the Fourteenth Amendment, are very different although they rest on the same facts. The Fourth Amendment claim is based on the alleged failure of the defendants to bring the plaintiff promptly before a neutral magistrate for a probable cause determination after his warrantless arrest on November 17, 2015 for federal offenses. Typically, a person arrested without a warrant from a magistrate is entitled to (1) a hearing (2) before a judicial officer where a wrong identification could be addressed (3) "promptly after arrest." *See Gerstein v. Pugh*, 420 U.S. 103, 125 (1975). Under this promptness standard, "judicial determinations of probable cause within 48 hours of arrest will, as a general matter," suffice unless the prisoner can prove unreasonable delay. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56–57 (1991). If the delay exceeds 48 hours, the government bears the burden to prove that the delay was justified. *Id.* Of course, detention based on a grand jury's indictment—itself a finding of probable cause—supplants the need for a prompt preliminary hearing before a judicial officer. *Gerstein*, 420 U.S. at 117 n.19.

The second claim, for violation of the Fourteenth Amendment, is based on the defendants' failure to ensure that the plaintiff was provided a prompt preliminary hearing under *Morrissey* on his alleged state parole violations. The constitutional protections afforded to parolees under the Fourteenth Amendment are far less than those given to arrestees under the Fourth Amendment. In cases involving parolees arrested for alleged parole violations, a preliminary hearing "to determine whether there is probable cause" to detain the parolee need be held only "as promptly as convenient

after arrest while information is fresh and sources are available." *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972). Indeed, in contrast to the requirements of *Gerstein* and *McLaughlin*, for parolees "[d]elays as long as 24 days between the arrest and even the preliminary hearing are constitutionally permissible, even without any showing of emergency or extraordinary circumstance." *Atkins v. City of Chicago*, 631 F.3d 823, 834 (7th Cir. 2011) (Hamilton, J., concurring) (citing *Faheem–El v. Klincar*, 841 F.2d 712, 714–15, 723 (7th Cir. banc 1988)). "The reason we tolerate the slower and different procedures for parolees is precisely because they are parolees. They have already been convicted of a crime through the full processes of the criminal law. Their interest in liberty is much more limited than for the vast majority of citizens who are not on parole." *Atkins*, 631 F.3d at 834 (Hamilton, J., concurring).

While the probable cause determination "should be made by someone not directly involved in the case," the hearing officer "need not be a [neutral and detached] judicial officer" and may be an administrative official such as a parole officer. *Morrissey*, 408 U.S. at 485–86. However, *Morrissey* demands that, at a minimum, the plaintiff be afforded notice of the preliminary hearing and be permitted to speak and present evidence on his behalf. *See id.* at 487.

Here, the plaintiff's allegations establish that he was detained from the day of his arrest on November 17, 2015 until at least December 18, 2015. There is no allegation that he received a preliminary hearing compliant with the requirements of *Morrissey* or *Gerstein* during this time. However, as of December 8, 2015, a federal grand jury returned an indictment against him, thereby rendering his detention between December 8 and December 18 constitutionally permissible. *Gerstein*, 420 U.S. at 117 n.19. Furthermore, the

plaintiff's 21-day detention from November 17 until December 8 was permissible based on the alleged state parole violations. Although the plaintiff was not afforded a *Morrissey* hearing, the Seventh Circuit has held that periods longer than 21 days are allowed between a parolee's arrest and his preliminary hearing on alleged parole violations. *Faheem–El*, 841 F.2d at 714–15. Thus, the plaintiff was lawfully held in state custody on the alleged parole violations during the period from November 17 to December 8, 2015. As a result, all of the time which plaintiff alleges comprised his unlawful detention is in fact justified. His constitutional claims must therefore be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20%

of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly; and

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers *bona fide* arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2016.

BY THE COURT:

*s/ J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge